```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

CHERYL RHOTEN,                   :
                                 :   NO. 1:11-CV-00571
    Plaintiff,                   :
                                 :
                                 :
  v.                             :   **OPINION AND ORDER**
                                 :
MICHAEL J. ASTRUE,               :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
    Defendant.

       This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 13), Plaintiff's Objections (doc. 16), and Defendant's Response (doc. 18). In her Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff disability insurance benefits ("DIB") and supplemental security income ("SSI") be affirmed and this case be dismissed from the docket of the Court (doc. 13). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

       Plaintiff filed an application for DIB and SSI in July 2007, alleging a disability from June 19, 2007, due to compartment syndrome surgery and an open leg wound, which Defendant denied initially and subsequently upon reconsideration (Id.). Plaintiff

subsequently requested a hearing before an ALJ, which she obtained, and at which she was represented by counsel (Id.). The ALJ denied Plaintiff's application on May 6, 2010, following which Plaintiff requested review by the Appeals Council (Id.). The Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final determination of the Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for four reasons (Id.). First, she argues the ALJ improperly relied on the testimony of the medical expert, Dr. Goren; second, the ALJ erred in finding Plaintiff's hand pain to be a "non-severe" impairment; third, the ALJ erred by failing to accord sufficient weight to the opinion of Ms. Miller, a certified nurse practitioner; and fourth, the ALJ erred by improperly assessing Plaintiff's credibility (Id.).

The Magistrate Judge conducted a thorough review of the record and rejected each of Plaintiff's contentions (Id.). First, the Magistrate Judge found the ALJ did not err by relying on the testimony of the medical expert, Dr. Goren (Id.). The Magistrate Judge found well-taken the Commissioner's position that the ALJ had only two opinions before her, that of Dr. Goren, and that of Ms. Miller, a certified nurse practitioner, which is considered a "non-medical source" (Id.). The Magistrate Judge noted the ALJ decided to accept Dr. Goren's opinion on the grounds that he is a neurologist, he had the benefit of reviewing the entire

-2-

longitudinal record, and his testimony was consistent with the record as a whole (Id.). She noted the ALJ accorded Ms. Miller's opinion "little weight" because she is not a doctor or neurologist but is instead a certified nurse practitioner, Miller said the examination was essentially normal, and Miller saw claimant only one time (Id.). The Magistrate Judge concluded the ALJ did not err by rejecting Ms. Miller's opinions and giving greater weight to the opinions of Dr. Goren (Id.).

As for Plaintiff's second argument, the Magistrate Judge found the ALJ did not err by finding Plaintiff's hand pain "non-severe" (Id.). The Magistrate Judge found substantial evidence, Dr. Goren's testimony, in support of such conclusion, and no medical or other objective evidence of record showing functional limitation due to hand or arm impairment (Id.).

The Magistrate Judge next rejected Plaintiff's contention that the ALJ erred by according little weight to the opinion of Ms. Miller, for the same reasons that she rejected Plaintiff's first assignment of error (Id.). The Magistrate Judge therefore indicated Plaintiff's third assignment or error should be overruled (Id.).

As for Plaintiff's fourth and final contention, that the ALJ erred by improperly assessing Plaintiff's credibility, the Magistrate Judge noted such credibility finding is entitled to deference and should not be discarded lightly (Id.). The

Magistrate Judge found the ALJ cited a number of reasons for discounting Plaintiff's credibility, including contradictory representations regarding Plaintiff's alleged substance abuse, her activities of daily living, her ability to take care of herself, and her interactions with others (Id.). The Magistrate Judge found these valid considerations in assessing credibility, and found the ALJ's determination therefore supported by substantial evidence (Id.).

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's decision supported by substantial evidence. The Court agrees with Defendant that Plaintiff's proffered claims of error are lacking in merit.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's

-4-

Report and Recommendation in its entirety (doc. 13), AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.

    SO ORDERED.

Dated: January 18, 2013        s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge

Case: 1:11-cv-00571-SAS-KLL Doc #: 19 Filed: 01/22/13 Page: 5 of 5  PAGEID #: 782